# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH D. DILEO,<br>　　　　Plaintiff | :　No. 3:18cv628<br>:<br>:　**(Judge Munley)** |
| 　　v. | : |
| FEDERATED LIFE INSURANCE COMPANY,<br>　　　　Defendant | :<br>:<br>: |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Presently before the court for disposition is Defendant Federated Life Insurance Company's ("Federated") motion for partial summary judgment. (Doc. 27). The parties have fully briefed this matter, and it is ripe for disposition.

## **BACKGROUND**

On June 13, 2012, Federated issued Disability Income Insurance Policy 681889 ("Policy") to the plaintiff. (Doc. 28, Statement of Facts ¶ 5). The Policy provides that Federated will pay a total disability benefit while plaintiff is totally disabled or a partial disability benefit while plaintiff is partially disabled. (Id.) On March 5, 2015, plaintiff alleges that while he was getting out of a truck at work, he slipped and fell on his left side. (Doc. 28, Statement of Facts ¶ 21). Plaintiff claims that the fall aggravated a pre-existing injury of his cervical spine and caused him to suffer a new injury to his left shoulder. (Id. at ¶ 22) Disability caused by plaintiff's cervical spine condition is not covered under the Policy. (Id.

at ¶ 25)  On April 16, 2015, plaintiff was examined by Dr. Gerald Gibbons, who opined that the fall on March 5, 2015 exacerbated the plaintiff's pre-existing cervical spine condition.  (Id. at ¶ 27)  Additionally, Dr. Gibbons wrote that plaintiff should not be doing any heavy lifting and that he was disabled from the heavy-duty mechanic work he used to do.  (Id. at ¶ 29)

On August 25, 2015, plaintiff notified Federated of a claim for disability benefits under the Policy resulting from an injury which allegedly occurred on March 5, 2015.  (Id. at ¶ 72)  After compiling and reviewing the record, Federated informed the plaintiff that his claim was denied on June 24, 2016.  (Id. at ¶ 87)

Plaintiff then filed an action in the Court of Common Pleas of Luzerne County for breach of contract and bad faith on March 12, 2018 and Federated removed the action to this court on March 20, 2018.  (Doc. 1, Notice of Removal). After the close of discovery, Federated moved for partial summary judgment on the claim of bad faith, bringing the case to its current posture.  (Doc. 27, Federated's Motion for Partial Summary Judgment).

**JURISDICTION**

This court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. Plaintiff is a Pennsylvania citizen and the defendant is a citizen of Minnesota.  (Doc. 1, Notice of Removal ¶ 2-3).  Additionally, the amount in controversy exceeds $75,000. Because complete diversity of citizenship exists

2

among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over this case. See 28 U.S.C. §1332 ("District courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"); 28 U.S.C. § 1441 (A defendant can generally remove a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute). As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938)).

**LEGAL STANDARD**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248. A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**DISCUSSION**

Federated argues that summary judgment is appropriate because plaintiff is unable as a matter of law to prove by clear and convincing evidence that the

4

defendant acted in bad faith pursuant to 42 PA. CONS. STAT. § 8371.  We disagree.

Section 8371 does not define "bad faith," but Pennsylvania courts have adopted the following definition of "bad faith" on the part of an insurer:

> any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Perkins v. State Farm Ins. Co., 589 F. Supp. 2d 559, 562 (M.D. Pa. 2008) (citing Terletsky v. Prudential Property and Casualty Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)) (citations omitted); see also Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005) (predicting that the Pennsylvania Supreme Court would define "bad faith" according to the definition set forth in Terletsky)).

The law further provides: "To succeed in an action for bad faith, a plaintiff must show by clear and convincing evidence that the insurer lacked a reasonable basis for denying benefits and that the insurer knew or recklessly disregarded its lack of a reasonable basis." Hayes v. Harleysville Mut. Ins. Co., 841 A.2d 121, 125 (Pa. Super. Ct. 2003) (internal quotation marks and brackets omitted). This standard makes the question of bad faith very fact specific, depending on the treatment of the insured by the insurer. Williams v. Nationwide Mut. Ins. Co., 750

5

A.2d 881, 887 (Pa. Super Ct. 2000). The Pennsylvania Supreme Court has indicated that "the utmost fair dealing should characterize the transactions between an insurance company and the insured." Dercoli v. Pa. Nat'l Mut. Ins. Co., 554 A.2d 906, 909 (Pa. 1989) (quoting Fedas v. Ins. Co. of Pa., 151 A. 285 (Pa. 1930)).

Federated argues that the plaintiff has failed to meet the burden required to survive summary judgment with respect to his bad faith claim because "any disability resulting from the March 2015 fall was the result of an aggravation of [p]laintiff's long standing neck condition, a condition not covered under the Policy." (Doc. 29, Federated's Brief in Support at 7). While the plaintiff admits that the March 5 fall exacerbated his pre-existing spine injury, he also alleges that the fall caused a new injury to his left shoulder. (Doc. 33, plaintiff's Brief in Opposition at 5). Federated alleges that "[p]laintiff's attribution of his disability to the left shoulder injury is simply an effort to avoid the Policy's Disability Waiver Rider which provides that disability resulting from a spinal condition—like [p]laintiff's pre-existing neck condition—is not covered." (Doc. 29, Federated's Brief in Support at 7).

Nevertheless, Federated's denial of the plaintiff's claim was based on a review of the record, which contains a report from the plaintiff's physician stating that the left shoulder and arm damage sustained by the plaintiff from the March

5, 2015 fall is the reason why he cannot work as a mechanic.  (Doc. 31, plaintiff's Statement of Facts ¶ 20).

Viewed in the light most favorable to the plaintiff, these facts may show that Federated knew it lacked a reasonable basis for denying the plaintiff's disability insurance claim, or it recklessly disregarded its lack of a reasonable basis for doing so.  Therefore, plaintiff has sufficient evidence, which if credited by the jury, would support his bad faith claim making summary judgment for the defendant inappropriate here.

**CONCLUSION**

For the reasons stated above, Federated's motion for partial summary judgment will be denied.  An appropriate order shall follow.

                                             **BY THE COURT:**

**Date: January 13, 2020**                          **s/ James M. Munley**
                                                           **JUDGE JAMES M. MUNLEY**
                                                           **United States District Court**